# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOEL DRAIN,
     Plaintiff,

    vs.

OHIO DEPARMENT OF
REHABILITATION AND
CORRECTION, et al.,
    Defendants.

Case No. 1:17-cv-354

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se

civil rights complaint against defendants Ohio Department of Rehabilitation and Correction

(ODRC), Jane Doe (Medical Supervisor), Jane Doe (Mental Health Supervisor), John Doe

(PREA Coordinator/Program Administrator), and John Doe (Psychiatrist). (Doc. 1-1, Complaint

at PageID 13). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the

complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to

state a claim upon which relief may be granted or seeks monetary relief from a defendant who is

immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §

1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that defendants have violated his constitutional rights by failing to provide him with hormone therapy and sex reassignment surgery to treat his condition of gender dysphoria. (Doc. 1-1, Complaint at PageID 14). Plaintiff seeks injunctive and monetary relief. (*Id.* at PageID 17).

At this juncture in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff should be permitted to proceed with the claims asserted in the complaint with the exception of his claims against the ODRC, which should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th

Cir.2003) (Department of Corrections not a "person" under § 1983). Therefore, plaintiff's claims against the ODRC should be dismissed.

Accordingly, in sum, plaintiff may proceed against the unknown John and Jane Doe defendants. Having found that plaintiff has failed to state a claim against the ODRC, this defendant should be dismissed as a party to this action.

Although plaintiff names all defendants by John or Jane Doe descriptions, plaintiff identifies Mr. Chuck Smith, the Program Administrator and PREA Supervisor, and Mrs. Salyers, the Mental Health Supervisor/Director, in the body of the complaint. (Doc. 1-1 Complaint at PageID 15). However, plaintiff has failed to provide service copies, summons forms, and United States Marshal forms so that these defendants may be issued service.

Plaintiff is therefore **ORDERED** to submit a copy of his complaint, a summons form, and a United States Marshal form for defendants Mr. Chuck Smith and Mrs. Salyers **within thirty (30) days** of the date of this Order. Plaintiff's complaint also includes allegations against "Dr. Rogers (Mental Health)" and "Medical Director Mrs. Clagg" in the complaint. (*Id.* at PageID 15–16). If these individuals are parties that plaintiff intends to name as defendants to this action plaintiff is further **ORDERED** to submit service copies of the complaint, summons form, and United States Marshal forms for these individuals. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

Before service may be issued upon any remaining John Doe and Jane Doe defendants, plaintiff must file a motion to issue service setting forth the identities of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed

defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against the Ohio Department of Rehabilitation and Correction be **DISMISSED.**

Date: _6/12/17_

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOEL DRAIN,
      Plaintiff,

vs.

OHIO DEPARMENT OF
REHABILITATION AND
CORRECTION, et al.,
      Defendants.

Case No. 1:17-cv-354

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).